IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **OLIJOEL SHEPPARD,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/ KANSAS CITY, KANSAS**<br>  **SERVE:**<br>  Unified Government Clerk's Office<br>  701 N. 7th Street, Suite 323<br>  Kansas City, Kansas  66101<br><br>    **Defendant.** | Case No.:<br><br><br><br><br><br><br><br>**REQUEST FOR JURY TRIAL** |

## COMPLAINT

COMES NOW, Plaintiff Olijoel Sheppard (hereinafter, "Plaintiff" or "Sheppard") by and through his undersigned counsel and for his Complaint against Defendant Unified Government of Wyandotte County/Kansas City, Kansas (hereinafter, "Defendant" or "UG") alleges and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a citizen of the United States, residing in Wyandotte County, Kansas and, at all times pertinent to this Complaint for Damages, was an "employee" within the meaning of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Kansas Wage Payment Act, K.S.A. 44-313 *et seq.* ("KWPA"), and the Fair Labor Standards Act, 29 USC § 201 *et seq.* ("FLSA").

2. Defendant UG is a municipality organized under the laws of the state of Kansas. At all times pertinent to this Complaint for Damages, Defendant City was an "employer" within the meaning of Title VII.

1

3. All the unlawful acts and practices set forth below were committed within the city of Kansas City, Wyandotte County, Kansas. Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

**ADMINISTRATIVE PROCEDURE AND PROCEDURAL POSTURE**

4. On or about August 28, 2024, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation by Defendant. (A copy of the Charge of Discrimination is attached hereto as Exhibit A and incorporated herein by reference as if fully set forth herein).

5. On or about May 22, 2025, the Department of Justice ("DOJ") issued to Plaintiff a Notice of Right to Sue and this lawsuit was filed within 90 days of the issuance of the DOJ's Notice of Right to Sue. (A copy of the Notice of Right to Sue for Plaintiff is attached hereto as Exhibit B and incorporated by reference as if fully set forth herein).

6. The aforesaid Charges of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the EEOC investigation of Plaintiff's claims and the involved parties, which could reasonably be expected to have grown out of the Charge of Discrimination.

7. Through the filing of Plaintiff's Charge of Discrimination, Defendant was afforded notice of Plaintiff's claims and the opportunity to participate in voluntary compliance.

8. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Plaintiff is a Black man.

10. Plaintiff began working for the Defendant in or around May of 2015 as Sports Coordinator.

11. During Plaintiff's employment with Defendant, Plaintiff witnessed a pattern of Black employees, especially Black male employees, being treated less favorably than employees of other races.

12. Upon information and belief, employees who were Black received less favorable jobs and less pay as compared to individuals of other races and many of the individuals in upper management were White.

13. Upon information and belief, Black employees were scrutinized more heavily in their work and were disciplined and written up more frequently than individuals of other races.

14. Recreational Manager Shaya Lockett, who is a Black woman, treated men much more negatively than women.

15. Recreational Manager and Director Angel Ferrera had a pattern of firing Black male employees, or making the working conditions intolerable, so that they quit.

16. Plaintiff also noticed that there was a division of jobs depending on race, and the Park side of Defendant was mostly White employees while the recreation side was predominantly Hispanic and Black employees.

17. Plaintiff also witnessed White employees being hired onto the job making thirty-seven dollars an hour while Black employees were only making twenty-eight dollars an hour.

18. Around the end of 2023, Plaintiff was told to come in to attend a mandatory meeting, even though Plaintiff had taken the day off.

19. Plaintiff told Defendant that he had to be off to care for his son and that he could not come in because he would be caring for his son.

20. Defendant required Plaintiff to come and attend the meeting nonetheless.

21. Because Plaintiff had no options for the care of his son, he had no choice but to bring his son to the meeting with him.

22. After doing this, Plaintiff was written up for insubordination.

23. Plaintiff believes this happened because of his race and sex and to try to force Plaintiff out of employment because of these things.

24. On or around February 6, 2024, Plaintiff was called into a meeting with Dave in Human Resources, Shaya, and Vinny, the manager on the park side. They told Plaintiff that a staff member accused Plaintiff of touching and yelling at them.

25. Plaintiff did not do this.

26. Plaintiff told them that he did not do this.

27. Plaintiff pointed out that there were a hundred people in the gym that would have witnessed this if he had done it.

28. Plaintiff was told that he was being put on administrative leave pending investigation.

29. The next day Plaintiff was informed by Dave and another individual in Human Resources that they had already talked to witnesses and that Shelly Barnett had said that Plaintiff never left her sight. They said they spoke with Shelly and a Recreational Specialist and that they received the same story from both of them as Plaintiff had told them, and he should hear something from the Director soon.

30. Because it was clear that the claim was unsubstantiated, Plaintiff believed he would be coming back to work shortly.

31. About a week later Dave and another employee in Human Resources spoke with Plaintiff again and took some notes and again told him that everything he was saying was confirmed by the witnesses and that Plaintiff should be receiving a call soon.

32. Plaintiff repeatedly called Human Resources and Dave seemed surprised Plaintiff had not heard anything back and told Plaintiff again that the Director would be calling Plaintiff back soon.

33. Despite this, Plaintiff was still not brought back to work and was kept on suspension.

34. Because Plaintiff had no return date and he was worried about being left without a job, he had no choice but to apply for jobs and he received one during this time.

35. During the time Plaintiff was out, he was informed that they terminated one of his employees, Mark Rogers, who was one of his best workers and who is a Black man.

36. Despite Plaintiff calling Human Resources repeatedly, Angel did not call him about work until she found out Plaintiff had received the other job.

37. At that time, she called Plaintiff and let him know that they were aware that he had another job.

38. Plaintiff believes that Angel kept him off of work in the hopes that he would look for another job because Angel did not want him to return and only called Plaintiff back because she knew he had found another job.

39. Plaintiff had been suspended from work for two months for something he did not do, despite being told at the beginning of his suspension that it was found that he did nothing wrong.

40. It was clear from the actions of Plaintiff's managers that they were pushing him out along with other Black male employees.

41. During his time working with Respondent, Plaintiff was never paid overtime, only comp time. Plaintiff was rarely allowed to use vacation or comp time, and the comp time would just build up because Plaintiff would be made to work overtime.

5

42. When Plaintiff's employment ended, he lost all this time.

43. Upon information and belief, Plaintiff was discriminated against, terminated and paid less because of his race, sex and retaliated against for engaging in protected activity. As a result of Defendant's actions, Plaintiff is seeking back-pay, front-pay, emotional distress damages, attorney's fees, and any other remedy this Court deems appropriate.

## COUNT I
## DISPARATE TREATMENT BASED
## ON RACE IN VIOLATION OF TITLE VII

44. Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

45. During Plaintiff's employment with Defendant, Plaintiff was subjected to different terms and conditions of employment, based on his race, Black, by Defendant.

46. During Plaintiff's employment with Defendant, Plaintiff was subjected to an ongoing practice and/or pattern of discrimination/disparate treatment based on his race, Black, by Defendant.

47. Plaintiff was subjected to different work requirements than other similarly situated White employees in the terms and conditions of his employment.

48. Plaintiff's race, Black, was a motivating factor in Defendant's disparity of wages than other similarly situated White employees.

49. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

50. All actions or inactions of or by Defendant occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

51. Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII, as alleged herein.

52. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

## COUNT II
## DISPARATE TREATMENT
## BASED ON SEX IN VIOLATION OF TITLE VII

53. Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

54. During Plaintiff's employment with Defendant, Plaintiff was subjected to different terms and conditions of employment, based on his sex, male, by Defendant.

55. During Plaintiff's employment with Defendant, Plaintiff was subjected to an ongoing practice and/or pattern of discrimination/disparate treatment based on his sex, male, by Defendant.

7

56. Plaintiff was subjected to different work requirements than other similarly situated employees of a different sex in regard to the terms and conditions of his employment.

57. Plaintiff's sex was a motivating factor in Defendant's decision to suspend and discipline Plaintiff.

58. Plaintiff's sex was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

59. Plaintiff's sex was a motivating factor in Defendant's decision to harass Plaintiff.

60. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

61. All actions or inactions of or by Defendant occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

62. Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII, as alleged herein.

63. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such

other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

## COUNT III
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII

64. Plaintiff incorporates the allegations contained in the above-stated paragraphs as though fully set forth herein.

65. During Plaintiff's employment with Defendant, Plaintiff was subjected to a hostile and offensive work environment based upon his sex and race by Defendant's employees and Plaintiff's supervisors, which constituted a continuing pattern of unwelcome harassment, which Plaintiff found, and which a reasonable person would find, to be offensive, and which altered the terms, conditions and/or privileges of his employment.

66. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

67. All actions or inactions of or by Defendant occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

68. Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII, as alleged herein.

69. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

70. Defendant's actions were malicious and were committed with reckless indifference to the Plaintiff's rights.

71. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII

72. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs.

73. Plaintiff is a member of a protected class because of his race and sex.

74. Plaintiff engaged in protected activity under Title VII. Defendant took adverse actions against Plaintiff as a result of his engaging in the aforementioned protected activity, including increased harassment and termination.

75. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front

pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

## COUNT V
## VIOLATIONS OF THE KWPA

76. Plaintiff hereby re-alleges and incorporate by reference the allegations contained in the above-stated paragraphs.

77. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

78. Plaintiff was an employee of Defendant.

79. Defendant is an "employer" under the KWPA (K.S.A. § 44-313(a)).

80. Plaintiff is an "employee" within the meaning of the KWPA (K.S.A. § 44-313(b)).

81. Plaintiff worked for Defendant, providing services as a Sports Coordinator.

82. Defendant agreed to provide compensation to Plaintiff for his services, including, among other things, a salary and "Comp time" that was awarded for working overtime.

83. Plaintiff earned this compensation, including the "Comp time" payments, by working for Defendant.

84. Plaintiff satisfied any and all conditions precedent to earning the compensation, including the "Comp time."

85. The "Comp time" constitute "wages" under the KWPA.

86. Defendant has failed and refused to pay Plaintiff the "Comp time" he has earned.

87. Defendant continues to refused to pay Plaintiff the "Comp time" he has earned.

88. Defendant continues to fail to pay Plaintiff all his earned wages in violation of the KWPA (K.S.A. § 44-313(c)).

89. As a consequence of its willful violations of the KWPA, wages have been unlawfully withheld by Defendant from Plaintiff, for which Defendant is liable, together with pre-judgment and post judgment interest, reasonable attorney fees and costs of this action.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, punitive damages, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

## COUNT VI
## FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE FLSA

90. Plaintiff hereby restates and incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

91. Plaintiff was employed by Defendant.

92. During this time, Plaintiff performed work for Defendant in the position of Recreational Specialist.

93. Plaintiff was frequently required to work overtime but was not paid for this time.

94. Plaintiff brings this Complaint individually pursuant to the FLSA, 29 U.S.C. § 216(b).

95. Upon information and belief, Plaintiff was subject to Defendant's common practice, policy, or plan of refusing to pay minimum wage and overtime in violation of the FLSA.

96. Alternatively, upon information and belief, Plaintiff was subject to the refusal to pay minimum wage and overtime in violation of the FLSA because of Plaintiff's race.

97. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 et seq.

98. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including Plaintiff.

99. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees minimum wage for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

100. Plaintiff is not exempt from the right to receive minimum wage and/or overtime pay under the FLSA and is not exempt from the requirement that his employer pay him overtime compensation under the FLSA.

101. Plaintiff is entitled to be paid minimum wage and overtime compensation for all overtime hours worked.

102. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay Plaintiff minimum wage for all hours worked and overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

103. Defendant's failure to compensate Plaintiff minimum wage for all hours worked and overtime compensation at a rate of not less than one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 207(a)(1).

104. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

105. The Plaintiff seeks damages in the amount of all respective unpaid minimum wage and overtime compensation at a rate of one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant, and award Plaintiff damages for minimum wages and overtime compensation due for the Plaintiff, liquidated damages, to be paid by Defendant; costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**DEMAND FOR JURY TRIAL AND REQUEST FOR PLACE OF TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all counts and allegations of wrongful conduct alleged in this Complaint, and all other matters arising therefrom. Pursuant to D. Kan. Rule 40.2(a), Plaintiff requests the trial be held in Kansas City, Kansas.

Respectfully Submitted,

**EDELMAN, LIESEN & MYERS, L.L.P.**

/s/Sarah. C. Liesen
Sarah C. Liesen        KS #26988
208 W. Linwood Blvd.
Kansas City, Missouri 64110
Telephone: (816) 301-4056
Facsimile: (816) 463-8449
sliesen@elmlawkc.com

**ATTORNEY FOR PLAINTIFF**